**B1 (Official Form 1) (04/13)**

| United States Bankruptcy Court<br>District of New Jersey | Voluntary Petition |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>**Love Culture Inc.** | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN (if more than one, state all):<br>**27-1368782** | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN (if more than one, state all): |
| Street Address of Debtor (No. & Street, City, and State):<br>**1400 Willowbrook Mall**<br>**Suite 1655**<br>**Wayne, NJ 07470**       ZIP CODE **07470** | Street Address of Joint Debtor (No. & Street, City, and State):       ZIP CODE |
| County of Residence or of the Principal Place of Business:<br>**Passaic** | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):       ZIP CODE | Mailing Address of Joint Debtor (if different from street address):       ZIP CODE |
| Location of Principal Assets of Business Debtor (if different from street address above): | |

**Type of Debtor** (Form of Organization) (Check **one** box.)
- [ ] Individual (includes Joint Debtors) *See Exhibit D on page 2 of this form.*
- [x] Corporation (includes LLC and LLP)
- [ ] Partnership
- [ ] Other (If debtor is not one of the above entities, check this box and state type of entity below.)

**Nature of Business** (Check **one** box.)
- [ ] Health Care Business
- [ ] Single Asset Real Estate as defined in 11 U.S.C. § 101(51B)
- [ ] Railroad
- [ ] Stockbroker
- [ ] Commodity Broker
- [ ] Clearing Bank
- [x] Other

**Chapter of Bankruptcy Code Under Which the Petition is Filed** (Check **one** box)
- [ ] Chapter 7
- [ ] Chapter 9
- [x] Chapter 11
- [ ] Chapter 12
- [ ] Chapter 13
- [ ] Chapter 15 Petition for Recognition of a Foreign Main Proceeding
- [ ] Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding

**Chapter 15 Debtors**
Country of debtor's center of main interests:
Each country in which a foreign proceeding by, regarding, or against debtor is pending:

**Tax-Exempt Entity** (Check box, if applicable.)
- [ ] Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code).

**Nature of Debts** (Check **one** box)
- [ ] Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."
- [x] Debts are primarily business debts.

**Filing Fee** (Check one box.)
- [x] Full Filing Fee attached
- [ ] Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.
- [ ] Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B.

**Check one box:**         **Chapter 11 Debtors**
- [ ] Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).
- [x] Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).

**Check if:**
- [ ] Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,490,925 *(amount subject to adjustment on 4/01/16 and every three years thereafter)*.

-----
**Check all applicable boxes:**
- [ ] A plan is being filed with this petition.
- [ ] Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

**Statistical/Administrative Information**                                   THIS SPACE IS FOR COURT USE ONLY
- [x] Debtor estimates that funds will be available for distribution to unsecured creditors.
- [ ] Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

Estimated Number of Creditors

| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | OVER 100,000 |
|---|---|---|---|---|---|---|---|---|---|
| [ ] | [ ] | [ ] | [x] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] |

Estimated Assets

| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|
| [ ] | [ ] | [ ] | [ ] | [ ] | [x] | [ ] | [ ] | [ ] | [ ] |

Estimated Liabilities

| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|
| [ ] | [ ] | [ ] | [ ] | [ ] | [x] | [ ] | [ ] | [ ] | [ ] |

**B1 (Official Form 1) (04/13)** **Page 2**

| **Voluntary Petition** <br> *(This page must be completed and filed in every case)* | Name of Debtor(s): <br> **Love Culture Inc.** | |
|---|---|---|
| **All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet.) | | |
| Location Where Filed:  **- None -** | Case Number: | Date Filed: |
| Location Where Filed: | Case Number: | Date Filed: |
| **Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor** (If more than one, attach additional sheet.) | | |
| Name of Debtor: **- None -** | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

**Exhibit A**

(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)

☐ Exhibit A is attached and made a part of this petition.

**Exhibit B**
(To be completed if debtor is an individual whose debts are primarily consumer debts.)

I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I delivered to the debtor the notice required by 11 U.S.C. § 342(b).

X _____
Signature of Attorney for Debtor(s)    (Date)

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.

☒ No

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☐ Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

☐ Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

**Information Regarding the Debtor - Venue**
(Check any applicable box.)

☒ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
(Check all applicable boxes.)

☐ Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐ Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐ Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

**B1 (Official Form 1) (04/13)**             **Page 3**

| **Voluntary Petition** <br> *(This page must be completed and filed in every case)* | Name of Debtor(s): <br> **Love Culture Inc.** |
|---|---|

## Signatures

| **Signature(s) of Debtor(s) (Individual/Joint)** | **Signature of a Foreign Representative** |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct. <br> [If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7. <br><br> [If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b). <br><br> I request relief in accordance with the chapter of title 11, United States Code, specified in this petition. <br><br> **X** _____ <br> Signature of Debtor <br> **X** _____ <br> Signature of Joint Debtor <br><br> _____ <br> Telephone Number (If not represented by attorney) <br><br> _____ <br> Date | I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition. <br><br> (Check only **one** box.) <br><br> ☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached. <br><br> ☐ Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached. <br><br> **X** _____ <br> (Signature of Foreign Representative) <br><br> _____ <br> (Printed Name of Foreign Representative) <br><br> _____ <br> Date |
| **Signature of Attorney*** <br> **X** **/s/ Kenneth A. Rosen** <br> Signature of Attorney for Debtor(s) <br> **Kenneth A. Rosen (KR 4963)** <br> Printed Name of Attorney for Debtor(s) <br> **Lowenstein Sandler LLP** <br> Firm Name <br> **65 Livingston Avenue** <br> **Roseland, NJ 07068** <br> Address <br><br> **(973) 597-2500 Fax:(973) 597-2400** <br> Telephone Number <br><br> Date: **July 16, 2014** <br><br> *In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect. | **Signature of Non-Attorney Bankruptcy Petition Preparer** <br> I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official form 19 is attached. <br><br> _____ <br> Printed Name and title, if any, of Bankruptcy Petition Preparer <br><br> _____ <br> Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social-Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.)(Required by 11 U.S.C. § 110.) <br><br> _____ <br> Address <br><br> **X** _____ <br><br> _____ <br> Date |
| **Signature of Debtor (Corporation/Partnership)** <br> I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor. <br> The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition. <br><br> **X** **/s/ J.E. Rick Bunka** <br> Signature of Authorized Individual <br> **J.E. Rick Bunka** <br> Printed Name of Authorized Individual <br> **Chief Restructuring Officer** <br> Title of Authorized Individual <br><br> Date: **July 16, 2014** | Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose social security number is provided above. <br><br> Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual <br><br> If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person. <br><br> *A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.* |

B4 (Official Form 4) (12/07)

# United States Bankruptcy Court
**District of New Jersey**

In re  **Love Culture Inc.**                                   Case No.
                          Debtor(s)                            Chapter  **11**

## LIST OF CREDITORS HOLDING 20 LARGEST UNSECURED CLAIMS

Following is the list of the debtor's creditors holding the 20 largest unsecured claims. The list is prepared in accordance with Fed. R. Bankr. P. 1007(d) for filing in this chapter 11 case. The list does not include (1) persons who come within the definition of "insider" set forth in 11 U.S.C. § 101, or (2) secured creditors unless the value of the collateral is such that the unsecured deficiency places the creditor among the holders of the 20 largest unsecured claims. If a minor child is one of the creditors holding the 20 largest unsecured claims, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian."  Do not disclose the child's name.  See 11 U.S.C. § 112; Fed. R. Bankr. P. 1007(m).

| (1) Name of creditor and complete mailing address including zip code | (2) Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted and e-mail | (3) Nature of claim (trade debt, bank loan, government contract, etc.) | (4) Indicate if claim is contingent, unliquidated, disputed, or subject to setoff | (5) Amount of claim [if secured, also state value of security] |
|---|---|---|---|---|
| **Prime Business Credit, Inc.**<br>**1055 West Seventh Street**<br>**Suite 2200**<br>**Los Angeles, CA 90017** | **Prime Business Credit, Inc.**<br>**1055 West Seventh Street**<br>**Suite 2200**<br>**Los Angeles, CA 90017**<br>**Telephone: (213)225-1000**<br>**E-Mail: jchae@pbcusa.com** | | **Disputed** | **$4,851,025.98** |
| **General Growth Properties, Inc.**<br><br>**Willowbrook Mall, LLC**<br>**1400 Willowbrook Mall**<br>**Suite 1655**<br>**Wayne, NJ 07470**<br><br>**Bridgewater Commons Mall II, LLC**<br>**400 Commons Way**<br>**Suite 225**<br>**Bridgewater, NJ 08807**<br><br>**Woodbridge Center Property, LLC**<br>**250 Woodbridge Center Drive**<br>**Suite 103**<br>**Woodbridge, NJ 94550** | **General Growth Properties, Inc.**<br>**Julie Minnick Bowden**<br>**110 N. Wacker Drive**<br>**Chicago, IL 60606**<br>**Telephone: (312)960-2707**<br>**E-Mail: julie.minnick@ggp.com** | **Leases** | **Unliquidated** | **$3,941,690.46** |
| **EJK**<br>**500 S. Berendo Street**<br>**Suite 105**<br>**Los Angeles, CA 90020** | **EJK**<br>**500 S. Berendo Street**<br>**Suite 105**<br>**Los Angeles, CA 90020**<br>**Telephone: (213)604-0302**<br>**E-Mail: ponku@att.net** | | | **$2,565,853.59** |
| **FNS, Inc.**<br>**440 Sylvan Avenue**<br>**Suite 270**<br>**Englewood Cliffs, NJ 07632** | **FNS, Inc.**<br>**440 Sylvan Avenue**<br>**Suite 270**<br>**Englewood Cliffs, NJ 07632**<br>**Telephone: (310)667-4822**<br>**E-Mail:Christine.joo@pantos.com** | | **Disputed** | **$2,488,428.69** |

B4 (Official Form 4) (12/07) - Cont.

In re  **Love Culture Inc.**                                                    Case No.
   Debtor(s)

# LIST OF CREDITORS HOLDING 20 LARGEST UNSECURED CLAIMS
(Continuation Sheet)

| (1) Name of creditor and complete mailing address including zip code | (2) Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted and e-mail | (3) Nature of claim (trade debt, bank loan, government contract, etc.) | (4) Indicate if claim is contingent, unliquidated, disputed, or subject to setoff | (5) Amount of claim [if secured, also state value of security] |
|---|---|---|---|---|
| **Simon Property Group, Inc.**<br>**Ronald M. Tucker**<br>**225 West Washington Street**<br>**Indianapolis, IN 46204** | **Simon Property Group, Inc.**<br>**Ronald M. Tucker**<br>**225 West Washington Street**<br>**Indianapolis, IN 46204**<br>**Telephone: (317)263-2346**<br>**E-Mail: Rtucker@simon.com** | **Leases** | **Unliquidated** | $1,983,787.43 |
| **The Taubman Company**<br>**200 East Long Lake Road**<br>**Suite 300**<br>**Bloomfield Hills, MI 48304** | **The Taubman Company**<br>**200 East Long Lake Road**<br>**Suite 300**<br>**Bloomfield Hills, MI 48304**<br>**Telephone: (248)258-7565**<br>**E-Mail: mgala@taubman.com** | **Leases** | **Unliquidated** | $1,189,266.05 |
| **Lux Design & Construction Ltd.**<br>**P.O. Box 158806**<br>**Nashville, TN 37215** | **Lux Design & Construction Ltd.**<br>**P.O. Box 158806**<br>**Nashville, TN 37215**<br>**Telephone: (852)3107-0006**<br>**E-Mail: info@lux.com.hk** | | **Disputed** | $1,134,280.00 |
| **Lovely Day**<br>**1015 S. Crocker Street**<br>**Suite S03**<br>**Los Angeles, CA 90021** | **Lovely Day**<br>**1015 S. Crocker Street**<br>**Suite S03**<br>**Los Angeles, CA 90021**<br>**Telephone:(213)741-0752**<br>**E-Mail: lovelydayfashion@yahoo.com** | | | $941,654.40 |
| **Epicor Retail Solutions Corporation**<br>**804 Las Cimas Parkway**<br>**Austin, TX 78746** | **Epicor Retail Solutions Corporation**<br>**2800 Trans Canada Highway**<br>**Pointe Claire, QUE H9R 1B1**<br>**Telephone: (514)426-0822**<br>**E-Mail:info@epicor.com** | **Agreement** | **Unliquidated** | **Unknown** |
| **Demandware, Inc.**<br>**5 Wall Street**<br>**Burlington, MA 01803** | **Demandware, Inc.**<br>**5 Wall Street**<br>**Burlington, MA 01803**<br>**Telephone:(781)425-1400**<br>**E-Mail: rjames@demandware.com** | **Agreement** | **Unliquidated** | **Unknown** |
| **Be Cool**<br>**1016 S. Towne Avenue**<br>**Suite 116**<br>**Los Angeles, CA 90021** | **Be Cool**<br>**1016 S. Towne Avenue**<br>**Suite 116**<br>**Los Angeles, CA 90021**<br>**Telephone: (213)746-0202**<br>**E-Mail: becool1016116@yahoo.com** | | | $903,435.55 |
| **San Joy**<br>**1100 S. Pedro Street**<br>**Suite G3**<br>**Los Angeles, CA 90015** | **San Joy**<br>**1100 S. Pedro Street**<br>**Suite G3**<br>**Los Angeles, CA 90015**<br>**Telephone: (213)742-0371**<br>**E-Mail: sanjoyinc.@hotmail.com** | | | $808,763.95 |

B4 (Official Form 4) (12/07) - Cont.

In re  **Love Culture Inc.**                                          Case No. _____
                           Debtor(s)

# LIST OF CREDITORS HOLDING 20 LARGEST UNSECURED CLAIMS
(Continuation Sheet)

| (1) Name of creditor and complete mailing address including zip code | (2) Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted and e-mail | (3) Nature of claim (trade debt, bank loan, government contract, etc.) | (4) Indicate if claim is contingent, unliquidated, disputed, or subject to setoff | (5) Amount of claim [if secured, also state value of security] |
|---|---|---|---|---|
| **Teenbell**<br>1100 S. San Pedro Street<br>Suite N-2<br>Los Angeles, CA 90015 | **Teenbell**<br>1100 S. San Pedro Street<br>Suite N-2<br>Los Angeles, CA 90015<br>Telephone: (213)747-5560<br>E-Mail: teenbellkay@gmail.com | | | $748,419.31 |
| **My Story**<br>3450 Wrightsboro Road<br>Augusta, GA 30909 | **My Story**<br>3450 Wrightsboro Road<br>Augusta, GA 30909<br>Telephone: (213)744-0566<br>E-Mail: mystory1000@gmail.com | | | $674,872.80 |
| **Timing**<br>2809 S. Santa Fe Avenue<br>Vernon, CA 90058 | **Timing**<br>2809 S. Santa Fe Avenue<br>Vernon, CA 90058<br>Telephone: (323)589-8684<br>E-Mail: joycekim@timingfashion.com | | | $623,222.70 |
| **Popular Basic**<br>747 E. 10th Street<br>Suite 112<br>Los Angeles, CA 90021 | **Popular Basic**<br>747 E. 10th Street<br>Suite 112<br>Los Angeles, CA 90021<br>Telephone: (213)572-0888<br>E-Mail: davidchoi@popularbasics.com | | | $619,310.33 |
| <u>**The Westfield Group**</u><br><br>**Westfield Garden State Plaza**<br>**1 Garden State Plaza**<br>**Suite 1018**<br>**Paramus, NJ 07652** | **The Westfield Group**<br>2049 Century Park East<br>41st Floor<br>Century City, CA 90067<br>Telephone: (240) 669-0335<br>E-Mail: lawong@westfield.com | **Leases** | **Unliquidated** | **$577,990.90** |
| **Sugar Mint**<br>807 E. 12th Street<br>Suite 150<br>Los Angeles, CA 90021 | **Sugar Mint**<br>807 E. 12th Street<br>Suite 150<br>Los Angeles, CA 90021<br>Telephone: (323)262-0799<br>E-Mail: lauren@sugarmintfashion.com | | | $542,750.65 |
| **January 7**<br>1001 Towne Avenue<br>Suite 115<br>Los Angeles, CA 90021 | **January 7**<br>1001 Towne Avenue<br>Suite 115<br>Los Angeles, CA 90021<br>Telephone: (213)746-1111<br>E-Mail: January7clothing@hotmail.com | | | $525,343.95 |
| **Macerich Real Estate Co.**<br>401 Wilshire Boulevard<br>Suite 700<br>Santa Monica, CA 90401 | **Macerich Real Estate Co.**<br>401 Wilshire Boulevard<br>Suite 700<br>Santa Monica, CA 90401<br>Telephone: (424)229-3641<br>E-Mail: Michelle.Woods@macerich.com | **Leases** | **Unliquidated** | $442,965.57 |

B4 (Official Form 4) (12/07) - Cont.

In re  **Love Culture Inc.**                                               Case No.

   Debtor(s)

# LIST OF CREDITORS HOLDING 20 LARGEST UNSECURED CLAIMS
(Continuation Sheet)

## DECLARATION UNDER PENALTY OF PERJURY
## ON BEHALF OF A CORPORATION OR PARTNERSHIP

I, the Chief Restructuring Officer of the corporation named as the debtor in this case, declare under penalty of perjury that I have read the foregoing list and that it is true and correct to the best of my information and belief.

Date  **July 16, 2014**            Signature  **/s/ J.E. Rick Bunka**
                                              **J.E. Rick Bunka**
                                              **Chief Restructuring Officer**

*Penalty for making a false statement or concealing property*:  Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C. §§ 152 and 3571.

## United States Bankruptcy Court
**District of New Jersey**

In re  **Love Culture Inc.**  ,  
Debtor

Case No. _____

Chapter **11**

# LIST OF EQUITY SECURITY HOLDERS

Following is the list of the Debtor's equity security holders which is prepared in accordance with Rule 1007(a)(3) for filing in this chapter 11 case.

| Name and last known address or place of business of holder | Security Class | Number of Securities | Kind of Interest |
|---|---|---|---|
| **Bennett Koo**<br>**2140 Stratford Circle**<br>**Los Angeles, CA 90077** | **Common Stock** | | **30%** |
| **Brandon Kim**<br>**155 N. Hamilton Drive #301**<br>**Beverly Hills, CA 90211** | **Common Stock** | | **2%** |
| **Chung Family Trust**<br>**2086 Summit Point Drive**<br>**Los Angeles, CA 90049** | **Common Stock** | | **11%** |
| **Hee Doo Moon**<br>**800 W. Huntington Drive #D**<br>**Altadena, CA 91001** | **Common Stock** | | **2%** |
| **Jai J. Rhee**<br>**2157 Sheringham Lane**<br>**Los Angeles, CA 90077** | **Common Stock** | | **24%** |
| **Myong Ju Kim**<br>**155 N. Hamilton Drive #302**<br>**Beverly Hills, CA 90211** | **Common Stock** | | **4%** |
| **Sang Kim**<br>**107 S. Rampart Boulevard**<br>**Los Angeles, CA 90057** | **Common Stock** | | **10%** |
| **Toni Ko**<br>**2230 S. Tubeway Avenue**<br>**Los Angeles, CA 90040** | **Common Stock** | | **14%** |
| **Vickie Kim**<br>**2107 Parnell Avenue**<br>**Los Angeles, CA 90025** | **Common Stock** | | **1%** |
| **William Mine Fowler**<br>**7104 Forest Glen Drive**<br>**Huntington Beach, CA 92440** | **Common Stock** | | **2%** |

**0**   continuation sheets attached to List of Equity Security Holders

In re  **Love Culture Inc.**  ,   Case No. _____
                                            Debtor

### DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I, the Chief Restructuring Officer of the corporation named as the debtor in this case, declare under penalty of perjury that I have read the foregoing List of Equity Security Holders and that it is true and correct to the best of my information and belief.

Date   **July 16, 2014**                              Signature  **/s/ J.E. Rick Bunka**
                                                                 **J.E. Rick Bunka**
                                                                 **Chief Restructuring Officer**

*Penalty for making a false statement or concealing property*:  Fine of up to $500,000 or imprisonment for up to 5 years or both.
                          18 U.S.C §§ 152 and 3571.

# United States Bankruptcy Court
## District of New Jersey

In re **Love Culture Inc.**
Debtor(s)

Case No.
Chapter **11**

## CORPORATE OWNERSHIP STATEMENT (RULE 7007.1)

Pursuant to Federal Rule of Bankruptcy Procedure 7007.1 and to enable the Judges to evaluate possible disqualification or recusal, the undersigned counsel for **Love Culture Inc.** in the above captioned action, certifies that the following is a (are) corporation(s), other than the debtor or a governmental unit, that directly or indirectly own(s) 10% or more of any class of the corporation's(s') equity interests, or states that there are no entities to report under FRBP 7007.1:

**Bennett Koo**
**2140 Stratford Circle**
**Los Angeles, CA 90077**

**Chung Family Trust**
**2086 Summit Point Drive**
**Los Angeles, CA 90049**

**Jai J. Rhee**
**2157 Sheringham Lane**
**Los Angeles, CA 90077**

**Sang Kim**
**107 S. Rampart Boulevard**
**Los Angeles, CA 90057**

**Toni Ko**
**2230 S. Tubeway Avenue**
**Los Angeles, CA 90040**

☐ None [*Check if applicable*]

Date: **July 16, 2014**

**/s/ Kenneth A. Rosen**
**Kenneth A. Rosen (KR 4963)**
Signature of Attorney or Litigant
Counsel for **Love Culture Inc.**
**Lowenstein Sandler LLP**
**65 Livingston Avenue**
**Roseland, NJ 07068**
**(973) 597-2500 Fax:(973) 597-2400**

## ACTION BY WRITTEN CONSENT
## OF THE
## BOARD OF DIRECTORS
## OF
## LOVE CULTURE INC.

### Dated: July 13, 2014

The undersigned, being members of the Board of Directors (the "**Board**") of Love Culture Inc., a California Corporation (the "**Company**") hereby consent to the following actions and adopt the following resolutions as of the date hereof:

**WHEREAS**, the Board has reviewed and considered the financial and operational condition of the Company and the Company's business on the date hereof, including the historical performance of the Company, the assets of the Company, the current and long-term liabilities of the Company, and the market for the Company's products and services; and

**WHEREAS**, the Board has received, reviewed, and considered the recommendations of the senior management of the Company and the Company's legal, financial and other advisors as to the relative risks and benefits of pursuing a bankruptcy proceeding under the provisions of Chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**").

**NOW, THEREFORE, IT IS:**

**RESOLVED** that, in the judgment of the Board having reviewed and considered the financial and operational condition of the Company and the Company's business on the date hereof, including the historical performance of the Company, the assets of the Company, the current and long-term liabilities of the Company, and the market for the Company's products and services that it is desirable and in the best interests of the Company, and its creditors, members, and other interested parties, that a voluntary petition be filed by the Company and certain affiliates under the provisions of Chapter 11 of the Bankruptcy Code (the "**Chapter 11 Case**") and that the assets of the Company shall be sold;

**RESOLVED FURTHER** that Point North LLC be retained to provide interim management services to the Company and make available J. E. Rick Bunka to serve as the Chief Restructuring Officer of the Company pursuant to the letter agreement dated July 1, 2014 and executed by Jai Rhee, the Chief Executive Officer of the Company;

**RESOLVED FURTHER** that J. E. Rick Bunka is hereby appointed to serve as Chief Restructuring Officer (the "CRO") and shall have oversight of the Company's proposed Chapter 11 Case (the "Bankruptcy Process"), including the sale of all or substantially all of the assets of or equity interests in the Company consummated through the Bankruptcy Process and the authority to: (a) manage the general day-to-day operation and business of the Company; (b) supervise the lending and other banking relationships, cash management accounting and budgeting processes of the Company; (c) supervise the employees of the Company; (d) supervise

29955/2
07/15/2014 30763094.7

going out-of-business sale(s) for particular stores or groups of stores; (e) propose other sales for a portion or substantially all of the Company's assets for consideration by the Board or a special committee of the Board with the authority to approve such sales and related transactions; (f) hire, fire or change the terms of employment of employees; (f) perform all such duties and have all such responsibilities and obligations as the Chief Executive Officer of the Company, and all such other authority normally associated with the title of Chief Executive Officer; and (h) perform such other functions as are consistent with the title of Chief Restructuring Officer and as directed by the Company from time to time;

**RESOLVED FURTHER** that the CRO and such other persons as the Chief Restructuring Officer directs (who may but need not be an officer of the Company) (each, an "**Authorized Person**" and collectively, the "**Authorized Persons**") be, and each are, authorized and directed to execute and file on behalf of the Company all petitions, schedules, lists, and other papers or documents with the appropriate court under the Bankruptcy Code and to take any and all action that they deem necessary, proper, or advisable to obtain such relief under the Bankruptcy Code, including, without limitation, any action necessary to maintain the ordinary course operation of the Company's business;

**RESOLVED FURTHER** that the law firm of Lowenstein Sandler LLP be employed as counsel to the Company to represent and assist the Company in carrying out the Company's duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights, including, the preparation of pleadings and filings in connection with the Chapter 11 Case, the Authorized Persons of the Company are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Chapter 11 Case, and to cause to be filed an appropriate application for authority to retain services of Lowenstein Sandler LLP;

**RESOLVED FURTHER**, that PricewaterhouseCoopers LLP be employed as financial advisor to the Company to assist the Company in carrying out the Company's duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights, including, the preparation of pleadings and filings in connection with the Chapter 11 Case, the Authorized Persons of the Company are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Chapter 11 Case, and to cause to be filed an appropriate application for authority to retain services of PricewaterhouseCoopers LLP;

**RESOLVED FURTHER**, that E.B.S. LLC dba Epiq Systems. be retained as claims and noticing agent to the Company on such terms and conditions as may be agreed to in the name and on behalf of the Company;

**RESOLVED FURTHER**, that Consensus Advisory Service LLC and Consensus Securities LLC (collectively, "Consensus") be employed as investment banker to the Company to advise and assist the Company in the sale of its assets, the Authorized Persons of the Company are hereby authorized and directed to execute appropriate retention agreements, pay appropriate

retainers prior to and immediately upon the filing of the Chapter 11 Case, and to cause to be filed an appropriate application for authority to retain services of Consensus;

**RESOLVED FURTHER**, that the Authorized Persons of the Company be, and hereby are, authorized and directed to employ any other individual and/or firm as professionals or consultants to the Company as are deemed necessary or advisable to represent and assist the Company in carrying out the Company's duties under the Bankruptcy Code, and in connection therewith, the Authorized Persons of the Company are hereby authorized and directed to execute appropriate retention agreements, and to cause to be filed an appropriate application for authority to retain the services of such firms;

**RESOLVED FURTHER**, that the Authorized Persons are, and any one of them acting alone is, hereby authorized and empowered to execute, deliver, file, and perform any agreement, document, or any amendment to the foregoing, in the name and on behalf of the Company, as may be necessary or advisable for the Company to obtain post-petition financing including, without limitation, from Salus Capital Partners, LLC pursuant to terms substantially as set forth in the draft Debtor-In-Possession Credit Agreement ("Credit Agreement") distributed to the Directors, and engage in going out-of-business sale(s) or other sales for a portion or substantially all of the Company's assets including, without limitation, pursuant to terms substantially as set forth in the Credit Agreement, and to take such other action, as may be directed by an Authorized Person in connection with the consummation of such transactions all on such terms as the Authorized Persons deem necessary or advisable in order to carry out the purpose and intent of the foregoing resolutions;

**RESOLVED FURTHER**, that the granting by the Company of liens on and security interests in any collateral in connection with the transactions contemplated by the foregoing resolutions, and the filing and recording of any Uniform Commercial Code financing statements or any other document necessary to perfect each of the security interest contemplated thereby, or to renew, maintain or preserve such perfected security interest, be, and they hereby are, authorized and approved in all respects and the Authorized Persons are, or any one of them acting alone is, hereby authorized and directed to execute and deliver any such other collateral documents or instruments, each as the Authorized Persons executing same shall deem necessary or appropriate, and to take such actions as may be necessary or advisable to consummate the transactions contemplated thereby;

**RESOLVED FURTHER**, that the Authorized Persons are, and any one of them acting alone is, hereby authorized, empowered, and directed, in the name and on behalf of the Company, to take such additional actions, to perform all acts and deeds, and to execute, ratify, certify, deliver, file, and record such additional agreements, notices, certificates, instruments, applications, payments, letters and documents as any of them may deem necessary or advisable to implement the provisions of the foregoing resolutions, and to appoint such agents on behalf of the Company as such Authorized Persons, and any of them, may deem necessary or advisable in connection with any financing arrangement or the sale of assets, and the transactions contemplated by any of the foregoing, the authority for the taking of such action to be conclusive evidence thereof;

-3-

**RESOLVED FURTHER**, that all of the acts and transactions taken by the Authorized Persons, officers of the Company, other management or the Board, in the name and on behalf of the Company, relating to matters contemplated by the foregoing resolutions, which acts would have been approved by the foregoing resolutions except that such acts were taken prior to the execution of these resolutions, are hereby in all respects confirmed, approved and ratified;

**RESOLVED FURTHER** that this written consent may be executed in any number of counterparts and by facsimile, portable document format, or other reproduction, and such execution shall be considered valid, binding, and effective for all purposes.

[Signature Page Follows]

IN WITNESS WHEREOF, the undersigned Directors have executed this written consent as of the date first written above.

**DIRECTORS:**

_____
Jai Rhee

_____
Myong Ju Tiffany Kim

_____
Eun Jung Kim

29955/2
07/15/2014 30763094.7